## THE STATE v. ALBERT G. BUTLER, Appellant.

**Division Two, May 26, 1914.**

1. **EVIDENCE: Homicide: Accused's Reply to Accusation Soon After the Killing.**  A witness who had seen the accused shoot deceased, at once went up to the accused and said, "What did you shoot that man for?"  Accused said, "He was going to kill me!"  The witness then said, "He had no idea of hurting you," and the accused exclaimed, "Lord, Lord, what have I done!" *Held*, that the conversation is admissible—that portion of it whereby the witness told the accused that the deceased had no idea of hurting him, as explaining the answer made thereto by the accused.  Furthermore, when the conversation occurred, the accused was not under arrest or restraint and hence the accusation made against him, together with accused's silence, demeanor, or the answer made by him, other than a denial of the charge or accusation, were properly admissible as evidence, the probative weight and effect of the same to be determined by the jury.

2. **REMARKS OF COUNSEL: Objection Sustained: No Exception: Appeal.**  Where, in the trial of a criminal case, accused's counsel objected to remarks made by the State's attorney in his argument, and thereupon the court fully sustained the

objection and instructed the jury to disregard the remarks, and counsel made no further request and saved no exception, there is no ground for reversal under the circumstances of this case.

3. ———: **Calling Deceased Father of Family.** Where upon the trial of accused for murder, it appeared that deceased was the acting head of the family, his father living away from home; that just prior to the killing a quarrel was in progress in the yard of deceased's home between. the accused and other members of deceased's family; that during this quarrel deceased's sister screamed and called the accused a liar, and that, immediately thereafter, deceased came rushing out of the house and lost his life while advancing toward the accused, the State's attorney did not exceed the bounds of legitimate argument when he said, "This young man, a young man in the prime of life, the little father of that family, has given up his life for the good name of his family."

Appeal from St. Louis City Circuit Court.—*Hon. William M. Kinsey,* Judge.

AFFIRMED.

*Frederick A. Mayhall* and *Fauntleroy, Cullen & Hay* for appellant.

(1) The court erred in allowing the witness Mosby, who witnessed the shooting, to state to the jury that in his opinion deceased had no idea of even hurting defendant. Under the guise of introducing a conversation with the defendant, the witness was permitted to repeat statements he had made in the presence of the defendant and to give to the jury his opinion as to the conduct of the deceased (which he had witnessed) at the time the shooting occurred. This was grievous error, and such has been the express holding of this court upon a similar state of facts. State v. Foley, 144 Mo. 600; State v. Glahn, 97 Mo. 694. Under such circumstances the defendant should not be held responsible for the statements of a third party. Gibbons v. Territory, 115 Pac. 129; People v. Morton, 139 Cal. 719; State v. Robinson, 51 La. Ann.

694; Brown v. State, 78 Miss. 637; Low v. State, 108 Tenn. 127; Lawson v. State, 20 Ala. 65; Rolfe v. Rolfe, 10 Ga. 143; Moore v. Smith, 14 S. & R. 388; Vail v. Strong, 10 Vt. 457; Mattlocks v. Lyman, 16 Vt. 119; Comm. v. Kenney, 12 Met. 237; Wiedeman v. Walpole, 20 B. 534, 539. Under the circumstances in proof in this case the defendant was not charged with any duty to speak and hence no presumption can be indulged that he assented to what the witness said. Rubber Co. v. Rothery, 107 N. Y. 310, 1 Am. St. 822; Veile v. Judson, 82 N. Y. 32; State v. Glahn, 97 Mo. 694. (2) The remarks of counsel referred to herein are condemned by a long line of decisions of this court. State v. Webb, 253 Mo. 302; State v. Hyde, 234 Mo. 200; State v. Hess, 240 Mo. 160; State v. Baker, 246 Mo. 376; State v. Clapper, 203 Mo. 553; State v. King, 174 Mo. 647; State v. Spivey, 191 Mo. 112; State v. Young, 99 Mo. 666; State v. Jackson, 95 Mo. 623; State v. Fischer, 124 Mo. 460; State v. Bobbst, 131 Mo. 328.

*John T. Barker,* Attorney-General, and *Thomas J. Higgs,* Assistant Attorney-General, for the State.

(1) The defendant alleged error in allowing the witness Mosby to state to the jury a conversation in which witness, Mosby, said: "He had no idea of hurting him," contending that such admission was error in that the witness was permitted to express his opinion as to the conduct of the deceased (which he had witnessed) at the time of the shooting. In support of this contention appellant has cited the cases of State v. Foley, 144 Mo. 600, and State v. Glahn, 97 Mo. 694. In the case of State v. Foley, the statement admitted in evidence was that of a witness by the name of Land as to a conversation had with the defendant while he, the defendant, was a prisoner in jail and at a time about two months after the homicide. The witness, Land, was permitted in the trial to detail a conversa-

tion which contained opinions formed by Land from the evidence before the coroner's jury, and to much of which defendant made no reply. Against the protest of the prisoner the witness assured the prisoner of his conviction of guilt and summed up, by way of argument, each and every damaging circumstance tending to show the defendant guilty. The facts in the Foley case are entirely at variance with the facts in the case at bar. The decision of the court was to the effect that a lengthy narration of accusations to the defendant in custody without a denial should not be admitted in evidence. The Foley case has been considered by this court and cited with approval to support cases where statements and accusations were made to the defendant while under arrest and to which defendant did not reply, but remained silent. Under these circumstances it has been held that the silence of the defendant should not be considered an admission. State v. Ethridge, 188 Mo. 358. State v. Glahn, 97 Mo. 694, relied upon by the appellant, is not in point, for there was no response to the statement as made by the witness, and although made in the presence of the defendant, it was not such a statement as called for action or reply. In other words, the silence of the defendant was no evidence against him, under these circumstances. In the case at bar the statement of the witness, Mosby, did call for a reply and was a direct accusation that the appellant shot the deceased without provocation, and even though it did not call for a reply, the appellant made the statement, "Lord, Lord, what have I done," and did not remain silent as in the case of State v. Glahn. The statement of the witness was admissible as part of the *res gestae.* Kelly's Crim. Law and Prac. (3 Ed.), sec. 277; State v. Walker, 78 Mo. 386; State v. Elkins, 101 Mo. 351; State v. Dunkan, 116 Mo. 288; State v. Lockett, 168 Mo. 485; State v. Baker, 209 Mo. 450; State v. Kelleher,

258 Mo|—28

201 Mo. 614; State v. McKenzie, 228 Mo. 399; State v. Kaizer, 124 Mo. 641; State v. Jacobs, 133 Mo. App. 184. Voluntary statements and admissions of the defendant to third persons when not a part of the *res gestae* are admissible in evidence. State v. White, 189 Mo. 351; State v. Wilkins, 221 Mo. 445; State v. Witherspoon, 231 Mo. 721. When statements of the court are admissible in evidence the whole conversations are admissible as evidence. 12 Cyc. 426. A statement made direct to the defendant when not under arrest, charging the commission of a crime, is admissible, even though there be no response. A failure to deny the accusation is a tacit admission of guilt. State v. Walker, 78 Mo. 388; People v. McCrea, 32 Cal. 98; State v. Reed, 62 Mo. 128; Newton v. State, 39 Ala. 523. A confession or admission may be implied by silence or acquiescence of the prisoner when statements are made in his presence and hearing relative to a fact within his knowledge implicating the defendant with a crime. State v. Watson, 13 Mo. 30; State v. Shannon, 33 Mo. 596; State v. Miller, 49 Mo. 505; State v. Hamilton, 55 Mo. 520; State v. Walker, 78 Mo. 380; State v. Talmage, 107 Mo. 567; State v. Lehman, 182 Mo. 424. We are inclined to be of the opinion that this conversation is admissible, both as a part of the *res gestae* and on the theory that it was a statement or accusation to which the defendant made a reply which would be of probative value to indicate to the jury an assent to the statement made by Mosby. (2) Interference with counsel in his argument is discretionary with the trial court and the appellate court will not review such discretion unless it appears that the rights of the prisoner were actually prejudiced. State v. Hamilton, 55 Mo. 520; State v. Hibler, 149 Mo. 484; State v. Allen, 45 W. Va. 65; Inman v. State, 72 Ga. 269; Combs v. State, 75 Ind. 215; Ford v. State, 34 Ark. 649; State v. Turner, 36 S. C. 534. Courts are slow to reverse judgments on account of improper remarks of attorneys,

especially as in this case where the proof is clear, because in such cases a verdict of guilty would have been returned regardless of the improper remarks. State v. Dietz, 235 Mo. 332; State v. Harvey, 214 Mo. 403; State v. Church, 199 Mo. 605; State v. Hibber, 149 Mo. 478; State v. Sumner, 143 Mo. 220; State v. Dusenberg, 112 Mo. 277; Sec. 5115, R. S. 1909; State v. Emery, 79 Mo. 463. As a general rule the withdrawal of the objectionable remarks of the prosecuting attorney, either by himself or by the court, or a direction to disregard them, is deemed to have removed the prejudice and cured the error. State v. Gartrell, 174 Mo. 489; State v. McMullen, 170 Mo. 608; State v. Wright, 141 Mo. 333; State v. Hack, 118 Mo. 92; State v. Gibbs, 10 Mont. 213; Dunlap v. United States, 165 U. S. 486; People v. Benham, 160 N. Y. 402.

WILLIAMS, C.—On June 11, 1913, in the circuit court of the city of St. Louis, defendant was convicted of murder in the second degree and his punishment assessed at ten years in the penitentiary. This is the second appeal in the case. The judgment upon the first trial was, by this court, upon appeal, reversed, on account of certain errors not now involved. The facts disclosed by the present record are in substance the same as disclosed by the record of the first trial and are fully set forth in the former opinion by this court in 247 Mo. 685. It is, therefore, unnecessary to restate the same here.

As grounds for a reversal of the present judgment, appellant contends that error was committed: (1) in the admission of certain testimony given by witness Mosby; (2) by improper remarks made by one of the State's counsel in making the closing argument to the jury.

I. Witness Mosby testified upon the part of the State that he saw the shooting and heard some quar-

Homicide:
Evidence:
Defendant's
Reply to
Accusation
by Bystander.

reling between defendant and others in front of the Walsh home just prior to the shooting; that he walked down the sidewalk beyond the Walsh premises and upon hearing a "scream" turned around and looked back toward the Walsh home and saw defendant walking backwards away from the Walsh home and saw deceased going toward defendant with one arm extended, but did not see the other hand; that when deceased had approached within four or five feet of defendant, defendant drew a revolver from his pocket and shot deceased. After the shot was fired, defendant ran diagonally across an adjoining lawn and down the street until he was stopped by a man named Brown. Mosby went up to where defendant was standing and, in the language of the witness, the following occurred: "When I first came up to him (defendant), I said, 'What in the world did you shoot that man for?' and he said, 'He was going to kill me!' I said, 'He had no idea of hurting you,' and then he said, 'Lord, Lord, what have I done.' "

Appellant objected to the admission in evidence of that portion of the conversation whereby witness told defendant that deceased had no idea of hurting defendant, on the ground that it was a conclusion or opinion on the part of the witness as to the conduct of the deceased. The court overruled the objection and defendant saved an exception. The court did not commit error in admitting this evidence. It was a part of the conversation had with the defendant and what the witness said was admissible as explaining the answer made thereto by the defendant. [State v. Talmage, 107 Mo. 543.] Furthermore, at the time of the occurrence of the conversation detailed in evidence, defendant was not under arrest or restraint and hence the accusation made against him, together with defendant's silence, demeanor, or answer made by him, other than a denial of the charge or accusation, were prop-

erly admissible as evidence, the probative weight and effect of the same to be determined by the jury. [State v. Swisher, 186 Mo. 1; State v. Hill, 134 Mo. 663; State v. Lovell, 235 Mo. 343.]

It is further claimed by appellant, however, that the statement made by witness Mosby was not such a statement as called for any reply upon the part of defendant. We are unable to agree with this contention. The statement was in the nature of an accusation in that it, in effect, questioned defendant's right to shoot in self-defense; furthermore, defendant *did* make reply thereto.

II. Appellant, at three different times, objected to remarks made by one of the State's attorneys in his argument to the jury and further requested the court to reprimand counsel and to instruct the jury to disregard said remarks in their consideration of the case. On two of these occasions, the court fully sustained appellant's objection and instructed the jury that they must disregard the remarks made. Appellant made no further request nor saved any exception on the ground that the action of the court was not sufficient to right the wrong. It is, therefore, to be assumed that appellant considered the action of the court sufficient in that regard. We have reached the same conclusion. Furthermore, absent such objection and exception, it is the well-established general rule that the remarks of the attorney will not necessarily cause a reversal of the case. [State v. McMullin, 170 Mo. 608; State v. Phillips, 233 Mo. 299; State v. Souva, 234 Mo. 566; State v. Rasco, 239 Mo. 535; State v. Wana, 245 Mo. 558.]

The remarks and conduct of the attorney in the present case were not of such character as to call for the application of the rule applied in the recent case of State v. Webb, 254 Mo. 414.

On the other occasion the court overruled appellant's objection and request concerning the remarks made by State's counsel. The remarks to which reference is here made were as follows: "This young man, Walsh, a young man in the prime of life, *the little father* of that family, has given up his life *for the good name of his family.*" The evidence showed that the deceased was the oldest child of Mrs. Walsh and was the acting head of the family—the father of the family living away from home. The evidence further showed that on this Sunday afternoon, just prior to the killing, a quarrel was in progress in the Walsh yard between defendant and other members of the Walsh family and that during this quarrel deceased's sister screamed and called defendant a liar and that, immediately thereafter, deceased came rushing out of the house, evidently as a protector of the family, and lost his life while advancing toward defendant. Under such facts, the above remarks did not exceed the bounds of legitimate argument.

The foregoing are the only points urged by appellant in his brief, but we have carefully reviewed the entire record in the case and fail to find any matter of error which should call for a reversal of the judgment. It is therefore ordered that the judgment be affirmed. *Roy, C.,* concurs.

PER CURIAM.—The foregoing opinion of WILLIAMS, C., is adopted as the opinion of the court. *Walker, P. J.,* and *Brown, J.,* concur; *Faris, J.,* not sitting.