Moran v. Stewart.

---

MORAN, *Appellant*, v. STEWART.

Division One, May 28, 1894.

1. Adopted Child: HEIRSHIP. A child adopted under Revised Statutes, 1889, section 968, is capable of inheriting from the adopted father in like manner as if born to him in wedlock.

2. ———: WIDOW: STATUTE. Where one dies leaving such adopted child, the widow of the deceased can not elect to take one-half of her husband's real estate under Revised Statutes, 1889, section 4520.

*Appeal from Andrew Circuit Court.*—HON. C. A. ANTHONY, Judge.

AFFIRMED.

*David Rea* and *J. F. Pitt* for appellant.

(1) The antenuptial contract between plaintiff and David Moran was never executed. There is an utter failure to show delivery or any intention to deliver, upon the part of either party prior to the per-

formance of the ceremony; and without delivery the instrument was a nullity; *Huey v. Huey*, 65 Mo. 689; Devlin on Deeds, sec. 262; *Pierce v. Pierce*, 71 N. Y. 154. (2) Plaintiff's right to partition, under the ruling of the lower court, depends upon the question as to whether or not the legislature has put it in the power of a man, either before or after his marriage, to repeal at will the statute heretofore quoted—"where the husband shall die without any child or other descendants in being capable of inheriting, his widow shall be entitled" to one-half of his estate. In other jurisdictions it has been expressly decided that the rights conferred upon an heir by adoption, or, in the language of our own statute, a devisee by adoption, do not affect the provisions made by law for the widow. *Stanley v. Chandler*, 53 Vt. 619; *Barnes v. Allen*, 25 Ind. 222. So in like manner it is held that the statute of descents is not affected in the sense that a relation of parent and child, brother or sister, will be created by a deed of adoption. *Reinders v. Koppelmann*, 68 Mo. 482; *Fosberg v. Rogers*, 21 S. W. Rep. (Mo.) 82; *Keegan v. Geraghty*, 101 Ill. 26; *Stanley v. Chandler*, *supra*. The execution of a deed of adoption will not operate to revoke a will. *Davis v. Fogle*, 23 N. E. Rep. (Ind.) 860.

*P. Mercer, Booher & Williams* and *J. A. Sanders* for respondent.

(1) The evidence is conclusive that the antenuptial contract set out in the answer was legally executed by the parties thereto, and was accepted by the appellant with a full understanding of its contents. (2) Though the provision in said contract that appellant's estate in the lands described therein shall terminate when she ceases to be David Moran's widow, is a

condition in general restraint of marriage and void as against public policy, this does not avoid the contract, as it is a condition subsequent, and, being against the law, it is a mere nullity and does not affect the contract, which conveys to appellant an unconditional freehold estate in the lands described therein, and is a reasonable provision for her support during her life and therefore a bar to dower. 2 Washburn on Real Property [4 Ed.], page 9; 1 Story's Equity [6 Ed.], sec. 288; Martindale on Conveyancing, secs. 124, 125, and authorities cited; *Logan v. Phillips*, 18 Mo. 22. (3) Defendant Samuel Stewart is an heir to David Moran by virtue of the deed of adoption set out in the pleadings, and is a child capable of inheriting within the meaning of section 4518, Revised Statutes, 1889, and there appellant can not elect to take one half of the real and personal property of said David Moran in lieu of dower. *In re Clements*, 78 Mo. 352; *Reinders v. Koppelmann*, 68 Mo. 482; 94 Mo. 338; *Sharkey v. McDermott*, 91 Mo. 647; *Davis v. Hendricks*, 99 Mo. 478; *Fosburgh v. Rogers*, 114 Mo. 122; *Buckley v. Frazier*, 27 N. E. Rep. (Mass. 1891) 763; *Atchison v. Atchison*, 12 S. W. Rep. (Ky. 1890) 942.

BLACK, P. J.—On the seventeenth of April, 1869, David Moran and his wife Catherine Moran, by deed duly executed, acknowledged and recorded, adopted the defendant Samuel Stewart as their child and heir. Catherine Moran died leaving her husband surviving. Thereafter and on the fifth of February, 1891, he and the plaintiff in this suit, were married. He died testate on the thirteenth of March, 1892, having devised the four hundred acres of land now in question to Samuel Stewart, his adopted son. On the eighth of September, 1892, the plaintiff signed, acknowledged and recorded her election to take one-half of the real and personal estate of

deceased in lieu of dower. She then bought this suit for the partition of the four hundred acres, basing her claim to the one-half on the theory that her husband died "without any child or descendant in being capable of inheriting" within the meaning of section 4518, Revised Statutes, 1889.

Section 4513, being the first section of the dower act, provides that "every widow shall be endowed of the third part of all the lands whereof her husband, or any other person to his use, was seized of an estate of inheritance," to hold and enjoy during her natural life.

Section 4518. "When the husband shall die without any child or other descendants in being, capable of inheriting, his widow shall be entitled: *First*, * * *; *second*, to one-half of the real and personal estate belonging to the husband at the time of his death, absolutely, subject to the payment of the husband's debts."

Sec. 4520. "When the husband shall die without a child or other decendant living, capable of inheriting, the widow shall have her election to take her dower, as provided in section 4513, discharged of debts, or the provisions of section 4518, as therein provided."

Now, the first section of the act concerning the adoption of children provides that "If any person in this state shall desire to adopt any child or children as his or her heir or devisee, it shall be lawful for such person to do the same by deed, which deed shall be executed, acknowledged and recorded in the county of the residence of the person executing the same, as in the case of conveyance of real estate." R. S. 1889, sec. 968.

This section, it will be seen, speaks of adopting a child as heir or *devisee*. It is difficult to see what the legislature meant by the use of the word devisee. One

thing is certain, and that is this, that the deed of adoption can not operate as, and perform the functions of, a will. The adopting parent may dispose of his property by last will the same as if the adopted child had been his child born in wedlock. Much carelessness and want of precision is disclosed in this and other sections of the same act, and it is quite evident that the word was not used in its legal sense. We think it may be disregarded without changing, in the least, the force, effect and meaning of the statute.

This and other sections of the statute concerning the adoption of children have been before this court, directly and indirectly, on several occasions. *Reinders v. Koppelmann*, 68 Mo. 482; s. o., 94 Mo. 338; *Sharkey v. McDermott*, 91 Mo. 647; *Davis v. Hendricks*, 99 Mo. 478; *Fosburgh v. Rogers*, 114 Mo. 122. The conclusion to be drawn from these cases, so far as they bear upon the question in hand, is this: The husband or wife, or both, may adopt a child as his, her or their heir; and the adopted child will inherit from the adopting parent or parents, the same as if born of such adopting parent or parents in wedlock. For all the purposes of inheriting from the adopting parent the adopted child becomes, and is, the lawful child of such adopting parent. The adopted child of the husband is a *child* within the meaning of section 4518 before set out. The defendant Samuel Stewart was, therefore, the child of David Moran, within the meaning of that section.

But it is said that this conclusion can not be the correct one, because it defeats the widow of dower rights conferred upon her by the dower act. We see no force whatever in this contention. Section 4513 gives her dower of one-third for life. Under certain circumstances she may elect to take under that section, or to take one-half of the property, real and personal, subject to the payment of debts, under section

4518. The circumstances under which a widow has the right to elect did not exist in this case, because David Moran died leaving a child capable of inheriting from him. It is, therefore, perfectly clear that the plaintiff was not, and is not, entitled to the one-half of the. lands in suit. So the trial court held, and its judgment is affirmed.

The defendant set up an alleged marriage contract between David Moran and the plaintiff, claiming that she thereby received certain real estate by way of jointure, as a provision for her support, in full discharge of dower in the real estate of her intended husband. The plaintiff contends that this contract, though signed, was never delivered; and, if delivered, it does not bar dower. These questions were not considered by the trial court, and are not considered here; for the conclusion before reached leads to an affirmance, no matter what our views may be as to these questions concerning the alleged marriage contract. The judgment is affirmed. All concur.