VALLIANT, J.
This is an action of ejectment for an undivided half of certain land in Andrew County devised to defendant under the will of David Moran, deceased, who in liia lifetime was the husband of plaintiff.
The state of facts on which the plaintiff claims title to an undivided half of the land in suit is exactly the same state of facts on which she predicated her claim ‘ to one-half of the personal estate of her late husband in the case just decided,, styled In re estate of David Moran; Angie Moran, appellant, and reported on page 555 of this volume. It is only necessary to refer to the statement of facts in the opinion in that case for a 'full understanding of the appellant’s claim in this case.
It is -also the same claim of the same plaintiff which passed under the judgment of this court on the same state of facts in Moran v. Stewart, 122 Mo. 295, and Moran v. Stewart, 132 Mo. 12.
We can now therefore, only reiterate that which we have before three times decided, to wit: That by the deed of adoption in evidence, Bobert and Samuel Stewart became the children of David Moran, capable of inheriting within the meaning of section 4518, E. S. 1889, and therefore the widow was not entitled, at her election, to take one-half the real and personal estate in lieu of dower. The trial court so decided, and rendered judgment for the defendant.
There is no error in the record and the judgment of the circuit court is affirmed.
All concur.