**STATE of Missouri, Respondent,**

**v.**

**Willie SMALL, Appellant.**

**No. 50722.**

Supreme Court of Missouri,

Division No. 1.

Feb. 8, 1965.

Thomas F. Eagleton, Atty. Gen., Albert J. Stephan, Jr., Asst. Atty. Gen., Jefferson City, for respondent.

Taken as submitted by appellant.

HIGGINS, Commissioner.

Appeal from an order overruling appellant's motion to vacate judgment and sentence under Supreme Court Rule 27.26, V.A.M.R.

On February 26, 1963, Willie Small pleaded guilty to a charge of molesting a minor, a felony, and was sentenced to imprisonment in the penitentiary for a term of five years. Section 563.160, RSMo 1959, V.A.M.S.

The transcript on appeal shows the facts and chronology that follow: On October 8, 1962, appellant was taken before the Magistrate Court of New Madrid County, where he waived preliminary hearing on a complaint of "felony, to-wit: Rape." He was bound over to the January term of Circuit Court and was committed to jail in default of bond. Information was filed in which appellant was charged with the crime of statutory rape of a child under sixteen years of age, alleged to have been committed October 6, 1962. On January 7, 1963, the Circuit Court appointed counsel for appellant and his case was set for trial on February 15, 1963. On February 26, 1963, appellant was before the court with his appointed attorney, at which time the state amended the information to charge appellant with "molesting a minor, a felony." Appellant waived formal arraignment and entered a plea of guilty to the charge contained in the information as amended. Allocution was granted and the court imposed sentence and placed appellant on probation. On September 10, 1963, appellant was before the court, at which time the court found that appellant had violated the term of probation and ordered the sentence executed. The motion to vacate was filed March 9, 1964, and overruled without a hearing March 10, 1964.

Appellant's motion contains three "Reasons Relied Upon for Relief Sought."

The gist of the first such assignment is that appellant was not represented by counsel at preliminary hearing and was thereby deprived of due process of law. Defendant acknowledges in his motion that he did have counsel at the time his plea of guilty was entered on February 26, 1963. The record, accuracy of which is not questioned, shows that counsel was appointed January 7, 1963; that appellant had the opportunity and reasonable time to consult with the attorney and with a friend; that he was advised of the nature of the crime charged by the amended information and the range of possible punishment before the plea was entered. We have held that "Neither the federal or state constitution, nor any of our statutes require the magistrate to appoint counsel for the accused at a preliminary examination," State v. Turner, Mo., 353 S.W.2d 602, 604 [6–8], and any defect in connection with the preliminary hearing would be waived by failing to object and going to trial. State v. Taylor, 362 Mo. 676, 243 S.W.2d 301, 302 [1]. Such a waiver likewise occurs when a plea of guilty is entered by a defendant after being accorded the right of consultation with counsel. State v. Cooper, Mo., 344 S.W.2d 72, 75 [4, 5]. See also State v. Richardson, Mo., 347 S.W.2d 165, 169 [6–8]. Assignment (1) is denied.

In assignment (2) appellant contends that the judgment and sentence was unauthorized and in excess of the statute, arguing that the amended information was, if anything, a misdemeanor charge for which a penitentiary sentence could not be imposed. The information which originally charged appellant with the felony of statutory rape was amended to charge the crime of "molesting a minor, a felony," to which appellant, with the assistance of counsel, pleaded guilty and then only after he was advised of the nature of the crime and the range of possible punishment. The transcript shows the amendment was accomplished by interlineation following the allegations of carnal knowledge of a twelve-

year-old girl and before the formal words "contrary to the form of the statutes in such cases made and provided, and against the peace and dignity of the State." The information as amended was sufficient to charge a violation of Section 563.160, RSMo 1959, V.A.M.S., entitled "Molesting minor with immoral intent," which is a felony. State v. Klink, 362 Mo. 907, 254 S.W.2d 650, 652 [1]. In State v. Wilson, Mo., 320 S.W.2d 525, this court held that one who commits an act of sodomy proscribed by Section 563.230, RSMo 1959, V.A.M.S., upon a minor may be convicted of molesting a minor under Section 563.160. The court said, 1. c. 526: "Although the subject matters of the two statutes differ as do the essential elements of the offenses involved, one committing the acts within Section 563.230 may commit acts at the same time within Section 563.160, supra. State v. Oswald, Mo.Sup., 306 S.W.2d 559." The same reasoning would apply to the circumstances of this case where allegations constituting a charge of statutory rape also constitute a violation of Section 563.160, inasmuch as the rape of a child is also a molestation of such child. Appellant argues that the amended information and punishment were improper because the only offenses that could be included within the scope of statutory rape would be the lesser offenses of common assault under Section 559.220, RSMo 1959, V.A.M.S., and contributing to delinquency of a minor under Section 559.360, RSMo 1959, V.A.M.S. This contention is of no consequence because appellant, by his plea of guilty, waived all defenses other than failure of the amended information to charge an offense. State v. Conley, Mo., 123 S.W.2d 103, 105 [7]. The sufficiency of the amended information already has been demonstrated and the statute, 563.160, supra, by which the amended information is authorized, provides for punishment by imprisonment in the penitentiary for a period not exceeding five years. Assignment (2) is denied.

■ Appellant charges in assignment (3) that the "suspension" of his sentence was on condition "that he leave the State of Missouri," which "constituted an unlawful 'banishment' * * * in violation of the Fourteenth Amendment" and that the subsequent revocation without presence of counsel was a denial of due process. The charge of "banishment" is not borne out by the record which shows unmistakably that no such condition was imposed. The condition in the order of probation is "that the said defendant conducts himself as a good citizen and leads an honest, upright, temperate, and industrious life, and obeys the laws and ordinances of every State and of the United States and possessions." The record thus contradicts appellant's unsupported charge and under Rule 27.26 the trial court properly denied relief. State v. McDonald, Mo., 343 S.W.2d 68, 71, 72 [4].

■ Appellant also complains that his parole was revoked without a hearing and presence of counsel, but "the court granting probation or parole * * * may in its discretion with or without hearing, order the probation or parole revoked and direct that the sentence theretofore imposed be commenced and order execution thereof. * * *." Section 549.101; Laws 1963, p. 671, § A (§ 6). See also State v. Collins, 225 Mo. 633, 125 S.W. 465, 466, where defendant's parole was revoked without a hearing. The court held that the grant of parole was "purely an act of grace on the part of the state through its court," and that the defendant "accepted his parole subject to its provisions and conditions, among which was that which authorized the court to revoke the parole without further notice to him." Assignment (3) is denied.

■ The lower court properly overruled appellant's motion without a hearing because the motion and the files and record show that the prisoner is entitled to no relief. State v. Johnstone, Mo., 350 S.W.2d 774, 777 [3–6].

The judgment is affirmed.

HOUSER and WELBORN, CC., concur.

PER CURIAM.

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the court.

All concur.