STATE of Missouri, Respondent,

v.

Virgil Lewis TURLEY, alias Glen H. Tracy, Appellant.

No. 52206.

Supreme Court of Missouri, Division No. 1.

June 12, 1967.

Motion for Rehearing or for Transfer to Court en Banc Denied July 10, 1967.

Norman H. Anderson, Atty. Gen., Thomas J. Downey, Asst. Atty. Gen., Jefferson City, for respondent.

Virgil L. Turley, pro se.

HOLMAN, Presiding Judge.

This appeal is from an order overruling defendant's motion (filed under S.Ct. Rule 27.26, V.A.M.R.) to vacate judgments and sentences theretofore imposed upon defendant. The judgments involved were entered on June 14, 1965, when defendant, after appointment of counsel, entered a plea of guilty to charges of burglary and stealing. He was sentenced to imprisonment for four years for the burglary and three years on the charge of stealing, the sentences to run consecutively.

The motion alleged that the judgments should be vacated for the following reason:

"1. On or about the 11th day of June, 1965, a preliminary hearing was conducted in the Magistrate Court of Jasper County without the movant being accorded the benefit of legal counsel after movant had repeatedly advised the court of his inability to secure counsel and of his desire for the court to appoint legal counsel to represent him and of his ignorance of law, legal terms and court proceedings and be-

cause of his ignorance could not question or defend himself against the State's witnesses with any competence, efficiency or proficiency whatsoever.

"2. The denial of counsel to movant at the critical stage of the proceedings held against him rendered the subsequent judgment and sentence unlawful and contrary to the law and Constitution of the State of Missouri and violative of the Constitution of the United States."

We rule that the trial court acted properly in overruling the motion as the allegations therein were not sufficient to warrant the vacation of the judgments. In State v. Turner, Mo.Sup., 353 S.W.2d 602, 604, we stated that "[a] preliminary examination is not a trial of the accused for the offense alleged in the complaint but merely an inquiry to determine if there is probable cause to believe that a felony has been committed and that the accused is the offender so that he may be bound over and formally charged and tried in the circuit court or discharged if probable cause is not found. A preliminary hearing is designed to prevent possible abuse of power by the prosecution and at the same time permit the arrest and detention of an accused in a proper case. Neither the federal or state constitution, nor any of our statutes require the magistrate to appoint counsel for the accused at a preliminary examination." To like effect, see also State v. McClain, Mo.Sup., 404 S.W.2d 186; State v. Engberg, Mo.Sup., 391 S.W.2d 868; State v. Phelps, Mo.Sup., 384 S.W.2d 616; State v. Gagallarritti, Mo.Sup., 377 S.W.2d 298; State v. Worley, Mo.Sup., 383 S.W.2d 529, and State v. McMillian, Mo.Sup., 383 S.W. 2d 721. A case very similar to the one at bar is State v. Small, Mo.Sup., 386 S.W.2d 379. We held therein that the magistrate was not required to appoint counsel for the accused at the preliminary and, in any event, any defect in connection with the preliminary hearing was waived when a plea of guilty was entered by the defendant in the circuit court after being accorded the right of consultation with counsel.

In his brief defendant says he was prejudiced by his failure to have counsel at the preliminary because he was thus denied the right to have counsel to cross-examine the State's witnesses and to present witnesses in his favor. That is just another way of stating his contention that he was entitled to have counsel provided at his preliminary hearing. What we have heretofore said will indicate our view that there is no merit in that contention.

Defendant has cited the cases of Pointer v. State of Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923, and White v. State of Maryland, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193. Pointer did not decide the question as to the necessity of appointing counsel for indigent defendants at a preliminary hearing, the court saying that "In this Court we do not find it necessary to decide one aspect of the question petitioner raises, that is, whether failure to appoint counsel to represent him at the preliminary hearing unconstitutionally denied him the assistance of counsel within the meaning of Gideon v. Wainwright, supra [372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799]." 380 U.S. 402, 85 S.Ct. 1067. White has no application here because in that case the court reversed a conviction based in part upon evidence that the defendant pleaded guilty to the crime at a preliminary hearing where he was without counsel.

The judgment is affirmed.

HENLEY, J., concurs.

SEILER, J., concurs in result and dissents in part in separate opinion filed.

*Concurring Opinion*

SEILER, Judge.

I concur with the opinion of Judge Holman affirming the judgment, because, as

stated in the cited case, State v. Small (Mo. Sup.) 386 S.W.2d 379, "[a]ny defect in connection with the preliminary hearing was waived when a plea of guilty was entered by the defendant [in the circuit court] after being accorded the right of consultation with counsel."

However, I respectfully state I am unable to concur with that portion of the opinion which holds there is no merit in defendant's contention that under the allegations stated in the motion he was entitled to have counsel provided at his preliminary hearing on felony charges. Missouri Rules of Criminal Procedure, 23.03, provide "The magistrate before whom an accused is brought shall advise the accused of the charge against him * * *. The accused shall be allowed a reasonable time to advise with his counsel and shall be permitted to send for counsel if he so desires. * * * The accused may cross-examine witnesses, against him * *." Lambus v. Kaiser, banc, 352 Mo. 122, 176 S.W.2d 494, decided in 1943, was an application for habeas corpus where the defendant, without counsel, had waived preliminary examination. Thereafter, in circuit court, defendant being unable to employ counsel, the court appointed counsel. Several days later, after consultation, defendant appeared with counsel, pleaded guilty, and the court assessed the death penalty. The application for the writ was on the theory that the circuit court was without jurisdiction because Lambus, being without counsel, did not exercise an intelligent choice in waiving his preliminary examination. This was ruled against petitioner and the writ was quashed, but the court stated as follows with regard to right to counsel at a preliminary examination, 176 S.W.2d l. c. 495, 497:

" * * * Under either of these provisions [the court was referring to the Sixth

Amendment and what is now Article I, Section 18(a) of the 1945 Constitution] there can be no doubt but that an accused at a preliminary examination is entitled to be represented by counsel if he wishes and opportunity of counsel must not be denied him."

" * * *

" * * * If he had had counsel at the time, by statute the magistrate would have been required to call them if requested * * *."

The court specifically pointed out that the petitioner did not request the appointment of counsel at the preliminary or complain of absence of counsel at the time, 176 S.W.2d l. c. 497.[1] In the present case defendant's motion alleges that he informed the magistrate he was unable to employ counsel and asked the court to appoint counsel, that he was ignorant of the law and court proceedings and unable to question the state's witnesses with any degree of competence. If a request so couched were actually made by defendant, it was definite, stated a good reason from defendant's standpoint and could not be taken as merely an idle or theoretical request on his part. As matters stood at that particular time, then, it seems quite clear that if defendant had been able to afford counsel he would have hired counsel to represent him at the preliminary hearing. It is equally clear that if he could pay for counsel he could not have been denied the right to have counsel at the preliminary hearing. He did not get counsel because he could not pay for it, not because he did not ask for it or because there is not a right to counsel at the preliminary. This appears to be an unwarranted discrimination against the indigent.[2]

1. In none of the cases cited in the main opinion, or in what seems to be the latest reported case on the subject, State v. Smith (Mo.Sup.) 411 S.W.2d 208, does it appear the defendant requested counsel at the preliminary hearing. In many of the cases cited defendant waived the preliminary hearing.

2. There are instances where differences in what can and cannot be done based on ability to pay the cost must necessarily

The problem under consideration is the subject of an article by Professor Hunvald, entitled "The Right to Counsel at the Preliminary Hearing", 31 Mo.L.Review 109. Professor Hunvald states at 31 Mo.L.Review l. c. 123–124:

"* * * The state cannot grant this advantage to some and deny it to others because they cannot pay for it.

"* * * But once having granted an accused the opportunity to have the validity of his detention to answer criminal charges determined by an independent judicial officer, this opportunity must be given on an equal basis. Even if it is possible to have a 'fair' hearing on this question without allowing the accused the assistance of counsel, once the state has allowed this assistance, it ought not be able to deny this assistance on account of poverty."

As Professor Hunvald points out, in Griffin v. People of State of Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891, the United States Supreme Court ruled "that a state could not deny an appellate review because the appellant was indigent and could not afford to pay for a transcript, while allowing appeals to those who could afford this expense" and Douglas v. People of State of California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811, stands for the proposition that "If the state grants a right to appeal and the right to be represented by counsel on that appeal, these rights cannot be denied because the appellant cannot afford to pay for them," the court saying (372 U.S. l. c. 355, 83 S.Ct. l. c. 816) the evil was: "* * * discrimination against the indigent. For there can be no equal justice where the kind of an appeal a man enjoys 'depends on the amount of money he has.'" And the same has been held with respect to counsel in felony cases in the trial court in Gideon v. Wainright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799. Also, as said by Professor

Hunvald, there has been in these cases "no requirement laid down of prejudice resulting from the denial of counsel."

Professor Hunvald, in the above article, covers the benefits to a defendant from a preliminary hearing, saying as follows (31 Mo.L.Review l. c. 117–121):

"* * * It is supposed to be a device for sifting out unwarranted felony prosecutions at as early a time as possible. By requiring the prosecution to establish a basis for going to trial, and discharging those accused as to whom this basis cannot be established, those accused who are the victims of unfounded complaints can avoid the expense and embarrassment of a trial. Even more important to an indigent is the danger of being confined in jail to insure his presence for a trial that ought not even be held. The magistrate is supposed to determine whether there is sufficient evidence to warrant 'binding over' the accused to answer a felony charge in the circuit court. If the evidence is insufficient, the accused is to be discharged. If there is sufficient evidence, in addition to binding over, the magistrate also has the obligation to set bail if the offense is bailable.

"* * *
"* * * The procedure of offering evidence, of examining and cross-examining witnesses, is similar to that followed at a trial. It is a judicial proceeding in which the state is represented by counsel. It is foolish to think that a layman can adequately exercise his options of cross-examination and presenting evidence without the assistance of counsel. He does not have the training necessary to conduct an effective cross-examination; he does not have the legal qualifications to be able to effectively present evidence in his behalf or to know what evidence he ought to present. He probably does not understand the limited nature of the issue to be decided—it is not his guilt or innocence but

exist in criminal practice and procedure, State v. Aubuchon (Mo.Sup.) 381 S.W.2d

807, but the present point involves right to counsel.

simply whether there is sufficient evidence to warrant further proceedings.

"\* \* \*

"\* \* \* If defense counsel is present at the preliminary hearing he may be able to acquire information from the evidence offered by the prosecution that will result in the defense counsel being better able to prepare for trial. If the accused alone is present he hears all the evidence presented but he is not able to understand and appreciate the legal significance and possible trial uses of it. The lawyer is.

"By cross-examining witnesses under oath, an attorney may be able to 'discover' much information that otherwise might be difficult to obtain. With the limited amount of discovery allowed in criminal cases, this can be an important consideration. It is certainly a factor that should be considered in deciding whether or not to waive the hearing. It is true that depositions can be taken by a defendant in a criminal case, but when the defendant is indigent the opportunity to take depositions is greatly limited, for he has no funds to pay for them and a recent decision holds that the state is under no obligation to advance the money necessary for them. For an indigent, the preliminary hearing may be the only effective means of discovery."

Many lawyers will agree with the above evaluation, and some of our magistrate judges are appointing counsel for indigent defendants in felony cases.[3]

Therefore, it seems to me that if the defendant who can pay for counsel at the preliminary hearing on a felony charge is entitled to counsel as a matter of right, as is true, then the indigent defendant under circumstances set forth in the present motion, is entitled to appointed counsel at the preliminary hearing. As said in Gideon v.

Wainwright, supra, 372 U.S. l. c. 344, 83 S.Ct. l. c. 796:

"\* \* \* That government hires lawyers to prosecute and defendants who have the money hire lawyers to defend are the strongest indications of widespread belief that lawyers in criminal courts are necessities, not luxuries. \* \* \*."

---

3. As the writer knows from personal experience in 1966.