UNITED STATES of America ex rel.
William WASHINGTON,
Petitioner,

v.

A. C. CAVELL, Superintendent, State Correctional Institution at Rockview, Bellefonte, Pennsylvania, Respondent.

No. 725.

United States District Court
M. D. Pennsylvania.

March 7, 1966.

William Washington, pro se.

Arlen Specter, Dist. Atty., Michael J. Rotko, Asst. Dist. Atty., Philadelphia County, Philadelphia, Pa., for respondent.

FOLLMER, District Judge.

William Washington, a prisoner at the State Correctional Institution at Rockview, Bellefonte, Pennsylvania, filed this Petition for a Writ of Habeas Corpus, in forma pauperis, in this Court. He makes the following allegations: (1) That he was "denied benefit of counsel during interrogation and preliminary hearing"; (2) that there were "inadequately established grounds for unlawful use of narcotics" at his trial; and (3) that charge of burglary was "inadequately established" at his trial.

Washington was convicted and sentenced on August 6, 1964 for larceny, conspiracy, unlawful use of drugs and burglary, before a Judge without a jury in the Court of Oyer and Terminer of Philadelphia County, to serve not less than three and one-half (3½) nor more than eight (8) years, effective from March 14, 1964. He was represented by counsel at his trial, where he originally entered a plea of Not Guilty. He filed a Petition for a Writ of Habeas Corpus in the Court of Common Pleas of Philadelphia County, Pennsylvania, on April 29, 1965, on ground (1) (lack of counsel at preliminary hearing and interrogation) which petition was denied. He filed an appeal in the Pennsylvania Superior Court on October 15, 1965, which Court affirmed the denial of his petition.

The instant petition was filed on January 21, 1966. This petition has attached to it the Memorandum Opinion of the Court of Common Pleas denying his State petition and a letter from Harris Isbell, M. D., Lexington, Kentucky, which states that recent puncture marks are not conclusive evidence of narcotic usage but are grounds for suspicion. Following receipt of the instant petition, a Rule was granted to Show Cause why a Writ of Habeas Corpus should not be granted. Answers were received from A. C. Cavell, Superintendent, State Correctional Institution at Rockview and the District Attorney of Philadelphia County. This Court also has a copy of the transcript of the trial.

▉ From his petition, it appears that he has not exhausted his State remedies, since there was no appeal to the Pennsyl-vania Supreme Court. Com. of Pa. ex rel. Raymond v. Rundle, 339 F.2d 598 (3rd Cir. 1964). No exceptional circumstances appear which would require a waiver of this rule. This alone would be enough to deny the petition. However, there are other reasons why this petition is without merit, which reasons will be examined.[1]

▉▉ The allegations denominated as (2) and (3), relate to the sufficiency of evidence to support his conviction and such issues are not cognizable on habeas corpus. "Habeas corpus cannot be used as a substitute for an appeal. Brown v. Allen, 344 U.S. 443, 485, 73 S.Ct. 397, 97 L.Ed. 469 (1953). The admissibility of testimony and the sufficiency of evidence are matters for appeal and will not be considered in habeas corpus proceedings. United States ex rel. Saunders v. Myers, 276 F.2d 790 (3d Cir. 1960)." United States ex rel. Bower v. Banmiller, 232 F.Supp. 627, 629 (E.D.Pa.1964). The petitioner was represented by competent counsel and the alleged trial errors cannot be reached by way of habeas corpus. See United States ex rel. Conrad v. Maroney, 218 F.Supp. 920 (W.D.Pa.1963).

▉ Finally, there is no merit to petitioner's claim that he was prejudiced because he did not have counsel during interrogation and the preliminary hearing. He was represented at trial by competent counsel. And after the Commonwealth had called and examined six witnesses, the petitioner, through his counsel changed his plea of not guilty to guilty on the charge of unlawful use of drugs. Subsequently, on direct examination, the petitioner admitted his guilt to

---

1. As was pointed out in United States ex rel. Gary v. Hendrick, 238 F.Supp. 757, 759 (E.D.Pa.1965):

"Although it still does not affirmatively appear that relator has exhausted his state remedies with regard to the issue raised in this petition, no useful purpose will be served by permitting relator to burden the courts of Pennsylvania and this District with more petitions raising the same allegations as are raised in this petition, particularly since it is clear that relator's allegations are without any constitutional merit. The doctrine of exhaustion of state remedies was devised to avoid 'unseemly collisions' with state courts 'by allowing the state courts first opportunity to review alleged state abuses of federal constitutional rights', United States ex rel. Drew v. Myers, 327 F.2d 174, 183 (3d Cir. 1964). However, it is never an 'indignity to state processes' to hold that the particular allegations of state abuses are clearly without merit. See In re Thompson's Petition, 301 F.2d 659, 660 (3d Cir. 1962)."

the telephone coin box burglary about which he is now complaining. "Lack of counsel at a preliminary hearing constitutes a denial of due process if under the circumstances of the case the preliminary hearing can be considered a 'critical' stage in the criminal proceedings, i. e. a point where the rights of the defendant may be preserved or lost." United States ex rel. Gary v. Hendrick, 238 F. Supp. 757, 759 (E.D.Pa.1965). Nothing in the record or facts of this case indicate that either the interrogation or the preliminary hearing were a critical stage of the proceedings against him requiring the presence of counsel. Accordingly, the petition will be denied.