STATE of Missouri, Respondent,

v.

Elmer SMITH, Appellant.

No. 52039.

Supreme Court of Missouri,
Division No. 2.

Feb. 13, 1967.

Norman H. Anderson, Atty. Gen., Brick P. Storts, III, Asst. Atty. Gen., Jefferson City, for respondent.

Elmer Smith in pro. per.

PRITCHARD, Commissioner.

This is a motion to vacate, under Criminal Rule 27.26, V.A.M.R., a judgment of conviction and a sentence of fifteen years imposed by a jury on June 24, 1960, for the crime of robbery in the first degree. Appellant argued his case before this court pro se. The trial court denied appellant's motion to vacate on February 6, 1966, without an evidentiary hearing.

■ Appellant's first point is that there was insufficient evidence to support and sustain a conviction for robbery. In this proceeding we do not examine the matter of sufficiency of the evidence, but only whether the "sentence was imposed in violation of the Constitution and laws of this State or the United States, or that the court imposing such sentence was without jurisdiction to do so, or that such sentence was in excess of the maximum sentence authorized by law or is otherwise subject to *collateral* attack, * * *." (Our emphasis.) Criminal Rule 27.26, V.A.M.R. The allegation, being one of error in the course of the trial, is one for direct appeal, and not for collateral attack under the rules. State v. Warren, Mo., 344 S.W.2d 85, 86; State v. Schaffer, Mo., 383 S.W.2d 698, 699; State v. Macon, Mo., 403 S.W.2d 630, 631. The point is overruled.

■ Secondly, appellant urges error in the denial of his request for appointment of counsel at his preliminary hearing "and thereby denied him of his right to confront and properly examine the state's witnesses· and properly conduct his defense." The Magistrate Court proceedings which are included in the transcript show that appellant and his co-defendant, Charles Smith, were before that court, were advised of their rights, and having seen and heard the charge in the affidavit, requested a preliminary hearing. The Magistrate Court record further shows that such preliminary hearing was held with appellant being present, and the court found that a felony had been committed and that there was reason to believe that appellant (and his co-defendant) might be guilty thereof. Appellant was then bound over to the circuit court to await its action. The transcript does not reflect a request for counsel at the preliminary hearing, and even if he did so request, it would not be error to deny it in the absence of some prejudice to defendant. The sole purpose of the magistrate court in preliminary hearings is to ascertain if a felony has been committed and that there is probable cause to believe that defendant committed it. State v. Brinkley, 354 Mo. 337, 189 S.W.2d 314; State v. Richardson, Mo., 347 S.W.2d 165. We find nothing in the record (and appellant suggests nothing) that occurred in the Magistrate Court hearing that was prejudicial to appellant in his Circuit Court trial or that was used in the latter court. One witness, Leonard Marlow, whom appellant complains (under Point 11) was not put on the stand at his preliminary hearing "in violation of his right to confront and examine him," testified at the Circuit Court trial wherein one of appellant's appointed counsel (Mr. Robert L. Borberg) fully cross-examined him. The following cases in this state hold that a defendant is not deprived of his constitutional right to counsel even though not represented by such in the preliminary hearing where he has counsel prior to trial (as here): State v. Gagallarritti, Mo., 377 S.W.2d 298, 301 (distinguishing Hamilton v. State of Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114, where defendant lost the right to enter a plea of insanity under peculiar Alabama law; and White v. State of Maryland, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193, where defendant's plea of guilty entered before the Magistrate was used against him at the trial); State v. Engberg, Mo., 391 S.W.2d 868, 870 [4]; and State v. Tettamble, Mo., 394 S.W.2d 375, 382 [25, 26]. The state here gained nothing and the appellant lost nothing by reason of his having no counsel at the preliminary hearing. Gagallarritti, supra. His second point is overruled as is Point (11) relative to claimed error in the failure to put Marlow

on the stand at appellant's preliminary hearing.

■ There is no merit in Point (3) of appellant in which he alleged that the information was void "in that the jury did not find that the defendant was guilty as charged in the information." The information is in usual form and follows the wording of the statute for first degree robbery under § 560.120, RSMo 1959, V.A.M.S. Point (4) contains the allegation that it does not refer to the information in its description of the offense. The points are inconsistent and insufficient to advise us exactly of what appellant complains, but we have examined the verdict which we find to be responsive in that the jury found appellant "guilty of robbery in the first degree with a dangerous and deadly weapon."

Appellant in his Point (6) alleges that the information is void because it failed to state that he took Leonard Marlow's automobile which violated his right to be informed of the specific crime with which he was charged. Pertinent parts of the information are: "[t]he defendants Charles Smith and Elmer Smith, acting jointly and together, with specific criminal intent willfully and unlawfully and feloniously in and upon one Leonard Marlow, did make an assault, by the use of a dangerous and deadly weapon, to-wit: .38 caliber Smith and Wesson pistol, loaded with gunpowder and metal bullets; and one 1957 four door while and green color Chevrolet motor vehicle, bearing Oklahoma License # 3–4090, being the property of said Leonard Marlow, and in the presence of the said Leonard Marlow, and against the will of the said Leonard Marlow, then and there by force and violence to the person of the said Leonard Marlow, feloniously did rob, steal, take and carry away, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Missouri." It is seen that the information did charge that appellant took Marlow's automobile. Points (3), (4) and (6) are overruled.

Points (7), (8), (9) and (10) all relate to instructions to the jury which appellant claims are erroneous. Such allegations will not be considered in the collateral proceedings of a motion to vacate judgment and sentence, being allegations of trial errors only. State v. Childers, Mo., 328 S.W.2d 43; State v. McMillian, Mo., 383 S.W.2d 721.

■ By Point (12) appellant alleges that he was denied effective assistance of counsel at his trial in that his court-appointed attorneys had an interest in the case desiring a conviction. No fact is alleged of any basis of such interest, such as a property right, or even any kind of feeling toward appellant showing prejudice toward him in any way. In our examination of the transcript of the record of the trial we note that both of appellant's appointed counsel participated in the trial and exerted commendable efforts in his behalf. The fact that they may not have objected to testimony of Bill Miller, the Sheriff, as to statements made by appellant while in jail (tending to show commission of the crime charged) may have been a matter of trial strategy. The record indicates that a strong submissible case of appellant's guilt was made by the state, and so is explained the lack of a motion for judgment of acquittal at the end of the case. Appellant further alleges that his counsel ill-advised him by telling him that if a motion for a new trial was filed and granted that defendant would probably get a lot more time on a new trial. What actually happened after the jury was excused is shown by the transcript:

"THE COURT: Let the record show that after the jury was excused, counsel for defendants have conferred with their clients and have a statement they would like to make at this time.

"MR. BORBERG: Both of the defendants, Elmer Smith and Charles Smith, have told me, as their attorney, just now that they want no more trials; that they don't want me or my associate, Mr. Har-

rison, to file a motion for a new trial and request that we proceed and get it over with at this time.

"Is that correct, gentlemen?

"CHARLES SMITH: Yes.

"ELMER SMITH: Yes.

"MR. BORBERG: Let the record show that both Charles and Elmer Smith have answered 'Yes' to my question.

### SENTENCE

"THE COURT: The Court will ask the two defendants, Elmer Smith and Charles Smith to come forward, please.

(Defendants approach the Bench)

"THE COURT: Mr. Charles Smith, you have heard the statement made by your counsel to the effect that you don't desire to file a motion for a new trial. Do you realize that by not filing a motion for a new trial that the Court can, at this time, pronounce sentence upon you in accordance with the verdict of the jury?

"CHARLES SMITH: Yes, sir.

"THE COURT: And the same question is addressed to you, Elmer Smith. Do you so understand?

"ELMER SMITH: Yes, sir.

"THE COURT: Do either of you have any lawful reason why sentence should not now be pronounced upon you at this time?

(No audible response)

"THE COURT: Very well; there being no response, it will be the judgment and sentence of this Court that you, Charles Smith, having been found guilty by a jury in this court and the punishment having been set for a term of 10 years, be confined in such place of confinement as may be designated by the State Department of Correction, to whom you are committed.

"And you, Elmer Smith, having similarly been found guilty and your punishment having been assessed at a term of fifteen years, you will be confined for a period of fifteen years in such place of confinement as may be designated by the State Department of Correction, to whom you are committed.

"The Sheriff will be allowed two guards for the purpose of conveying the defendants to their place of confinement."

■ If counsel thought that appellant would get "more time" on a new trial, there is nothing alleged to show that advice to that effect given appellant by his counsel with respect to filing a motion for new trial was ill-advised. The motion, records and files which we have before us show that appellant is entitled to no relief, was not entitled to a hearing below, and thus there was no abuse of discretion in the trial court in failing to appoint counsel for appellant for this appeal [Point (5) of appellant].

The judgment is affirmed.

BARRETT and STOCKARD, CC., concur.

PER CURIAM:

The foregoing opinion by PRITCHARD, C., is adopted as the opinion of the Court.

All of the Judges concur.