**STATE of Missouri, Respondent,**

v.

**Raymond Paul PATRICK, Appellant.**

**No. 52682.**

Supreme Court of Missouri, Division No. 2.

Nov. 13, 1967.

Norman H. Anderson, Atty. Gen., Jefferson City, David G. Dempsey, Sp. Asst. Atty. Gen., Clayton, for respondent.

Thomas A. Vetter, Jefferson City, for appellant.

BARRETT, Commissioner.

The appellant, Raymond Patrick, serving a life sentence for murder in 1944 was charged with robbery with a deadly weapon and the taking of Richard Snellen's automobile on May 31, 1966. Mr. and Mrs. Snellen live on Highway 179, Old Boonville Road, 12 miles west of Jefferson City, about 3½ miles from the prison farm, in Cole County. In brief the facts were that about 2 o'clock in the afternoon Patrick appeared at the Snellen home and asked for a drink of water. Mrs. Snellen gave him a glass of water and when she turned around after getting him more water "he stepped in the door and pointed that knife at me." He first taped her wrists, made her walk to the kitchen and there he got a shotgun and shells and a rifle. When Mr. Snellen came home from work about 5:30 and approached the house Patrick warned him "That's far enough." Snellen had been facing the sun but finally he said, "He was standing there, looking down the barrel of the shotgun, and had it right on me." He forced Mrs. Snellen to tape her husband's hands and when he got them inside the house said, "I want your automobile." Mr. Snellen, thinking to get rid of him said, "There it is. The ignition key is in it and it's full of gas." But Patrick did not leave, he sat around with the shotgun on his lap, ate some food, and about 10 o'clock began making preparations to leave. He taped both Mr. and Mrs. Snellen and then using a nylon cord, tied their feet and hands, gagged them and tied them to a chair. He took one gun out to the Ford automobile, then the other and then came back and "turned the light on and, * * * that's the first time I'd seen that knife. * * * He turned the light on and he had the knife in his hand, and holding it up.

When I saw the knife, I was really getting leery then. So, he came over and stood in front of me, about two foot, and he had that knife in his hands, and he stood there, I imagine, a half-minute. * * * Then he walked in the back of my chair, and I was sure, then, it was coming. But he stood back there, about a half-minute. He walks back around and goes over and tears the telephone cord out of the wall, and turned the light off and comes out by me and goes out." He drove away in the Snellen's automobile and on June 4, 1966, was arrested in Marceline in the automobile. These facts were developed, of course, upon his trial in which he was represented, as he is here, by court-appointed counsel. The jury found Patrick guilty "as charged in the information," and the court fixed his punishment for this offense at 25 years' imprisonment.

Upon motion to dismiss the information, in his motion for a new trial and here appellant's counsel make the only possible meritorious assignment of error, that his state and federal constitutional rights to counsel at a "critical stage," upon his preliminary hearing, were denied. It is not necessary here to again review the controlling cases in the Supreme Court of the United States; they are all collected and reviewed in the cases cited in this opinion. It should be noted at the outset, however, that while the prosecuting attorney here "formally waive(d) the imposition of the death sentence" (RSMo 1959, § 560.135, V.A.M.S.) Patrick was charged with a capital offense and that in itself is sufficient to distinguish this and many other cases concerned with the denial of counsel. Williams v. Kaiser, 323 U.S. 471, 65 S.Ct. 363, 89 L.Ed. 398; Tomkins v. State of Missouri, 323 U.S. 485, 65 S.Ct. 370, 89 L.Ed. 407; State v. Scott, Mo., 404 S.W.2d 699, 702. Here appellant's counsel does not rest alone on the bare claim of no counsel upon the preliminary, he assumes that that fact alone is insufficient (State v. Turley, Mo., 416 S.W.2d 75) and so he asserts that in this case "lack of counsel at the prelim-

inary hearing did in fact prejudice Appellant *at the hearing*." (Emphasis supplied.)

As developed upon the hearing of his motion to dismiss the information these are the circumstances upon which he relies: Admittedly, Patrick did not have counsel at his preliminary and while the magistrate advised him of his right to a preliminary hearing, he did not advise him of his right to counsel and did not offer to appoint counsel. Patrick says he asked for the appointment of a lawyer, the magistrate denies that he make such a request and simply "announced ready for trial." The magistrate said that he "took the stand" and made a statement in his own behalf, but Patrick said, "I did not take the stand" and, of course that version is accepted for the purposes of this opinion. The testimony relied on as establishing prejudice is this:

"Q. After the State presented the witnesses, did you attempt to examine them?

"A. I did.

\* \* \* \* \* \*

"Q. During your examination of these witnesses, did the Prosecuting Attorney make objections to your questions?

"A. Not in that sense. I didn't get a chance to ask the question because he kept cutting in on me.

\* \* \* \* \* \*

On cross-examination:

"Q. What do you mean, the Prosecuting Attorney kept cutting in on you?

"A. When I kept asking questions, before they would ever get the questions answered, you would keep asking questions ahead of me.

"Q. Isn't it a fact I asked you not to make speeches?

"A. No, you didn't say that.

\* \* \* \* \* \*

"Q. You were arraigned on the 1st day of August and on the 15th (sic)

day of August, at your request, you were given a preliminary hearing, weren't you? * * * And you had a chance to cross-examine any of the witnesses you wanted to, didn't you?

"A. And I kept being cut off, too."

Thus, as his assignment states, the appellant contends that he was "prejudiced by lack of counsel *at the preliminary hearing.*" There is no claim here that by reason of the lack of counsel upon his preliminary his right to a fair trial or to any other right upon the principal trial was prejudiced or infringed in any manner or even that it could have been. This is not to say that in no event can a preliminary hearing constitute a "critical stage" in a criminal proceeding, as others have pointed out "Lack of counsel at a preliminary hearing constitutes a denial of due process if under the circumstances of the case the preliminary hearing can be considered a 'critical' stage in the criminal proceedings, i. e., *a point where the rights of the defendant may be preserved or lost.*" United States ex rel. Gary v. Hendrick, D.C., 238 F. Supp. 757, 759; United States ex rel. Lamborn v. Rundle, D.C., 251 F.Supp. 766, 768; United States ex rel. Washington v. Cavell, D.C., 251 F.Supp. 779. Or, as stated in a case, Guthrie v. Boles, D.C., 261 F.Supp. 852, 856, exhaustively considering preliminary hearings and the lack of counsel, "the denial of assistance of counsel at a * * * preliminary hearing is not, *per se,* a federally cognizable ground for habeas corpus relief." These rules have been recognized and recently applied in this jurisdiction; in State v. Smith, Mo., 411 S.W.2d 208, 209, speaking of the denial of counsel at a preliminary, "it would not be error to deny it in the absence of some prejudice to defendant. * * * We find nothing in the record (and appellant suggests nothing) that occurred in the Magistrate Court hearing that was prejudicial to appellant in his Circuit Court trial or that was used in the latter court."

In the trial of this case the appellant did not testify and, for obvious reasons, he offered no testimony. The testimony of the state's witnesses, all of them, has been narrated and throughout, upon this record, there was no reference to the preliminary hearing or to anything that happened there. The appellant denies that he "took the stand" and there was no attempt to use any incriminating acts or admissions, and so far as the preliminary was concerned "(T)he state here gained nothing and the appellant lost nothing by reason of his having no counsel at the preliminary hearing." State v. Smith, 411 S.W.2d 1. c. 209. While appellant draws the inference from his testimony on the motion to dismiss that he was "cut off," or that the prosecutor "kept cutting in on me," it is not apparent just how this and the lack of counsel prejudiced him *at the preliminary hearing.*" It was not alleged in his motion and it is not pointed out here, had he not been "cut off," just what he could or would have "gained" or established or what he "lost" to the state. Thus this case and its record is distinguishable from the caveat implicit in the recent case (January 1966) of Sigler v. Bird, 354 F.2d 694, United States Court of Appeals Eighth Circuit. There Bird was charged by complaint in the County Court of Furnas County, Nebraska, with assault, felonious breaking and entering a dwelling house and malicious destruction of property. The certificate of the county judge recited that defendant "waived preliminary hearing and entered a plea of 'guilty' to the charge." The County Court "held" Bird for trial in the District Court and upon the prosecutor's filing an information "Appellee appeared for arraignment, without counsel, on October 6 and entered a plea of guilty to each charge." Thus, unlike this case, at no stage of the proceedings did Bird have counsel. But as to the right to counsel at the preliminary the United States Court of Appeals Eighth Circuit said, "Rather, the thrust of Powell's admonition (Powell v. State of Alabama, 287 U.S. 45, 53 S.Ct.

55, 77 L.Ed. 158) that an accused has a right to counsel 'at every step in the proceedings against him', as borne out by subsequent decisions, appears to be that, if the effectiveness of legal counsel ultimately furnished an accused is *apt*, or *likely*, to be impaired by prior denial of counsel, the time when such denial occurred was a 'critical stage' in the judicial process, at which time counsel should have been available to protect the constitutional rights of the accused." It should be noted that Bird's "guilty" plea in the county court was not used against him in the district court, nevertheless, the court said, 354 F. 2d l. c. 698: "In summary, on the facts and circumstances presented, we hold that, since appellee's plea of guilty at the preliminary hearing *could have been introduced into evidence against him at the trial,* the failure to afford him counsel at the preliminary hearing constituted a deprivation of his constitutional rights." (Emphasis here supplied.) But, as indicated, it does not appear upon this record that Patrick made any admissions on the preliminary or that anything that may have occurred there, favorable or unfavorable, was used in his trial in the circuit court, and in these circumstances "the state here gained nothing and the appellant lost nothing by reason of his having no counsel at the preliminary hearing" and so there was no manifest prejudicial error to him in this regard. State v. Smith, supra; Guthrie v. Boles, supra; United States ex rel. Lamborn v. Rundle, supra; United States ex rel. Washington v. Cavell, supra; United States ex rel. Gary v. Hendrick, supra.

█ In his motion for a new trial and in his brief here appellant's counsel preserved a second assignment of error that the court erred "in denying defendant's motion to discharge the jury following improper closing argument by the Prosecuting Attorney." The argument objected to is this: "I, therefore, gentlemen, ask you *to go back in the jury room and consider all you have heard today, and let him take the word back to where he came from,* 'You can't do that.'" The appellant contends that the underscored language was an unfair and improper calling to the "jury's attention the status of Appellant as a convict in the Missouri State Penitentiary" and, furthermore, "called to the jury's attention the fact that Appellant must have been convicted of previous crimes which was unduly prejudicial to Appellant in that his character was not in question," since he did not testify upon the principal trial.

In the first place there were not the usual and proper sequence of objections and after adverse rulings requests for further curative relief on the part of the court. There was no request that the jury be instructed to disregard the statement and there was no request for a reprimand of counsel followed by a request to discharge the jury or for a mistrial in the event counsel thought the court's action up to that point insufficient to meet his objections or to remove any possible error. The only objection was this: "I object to that. Its prejudicial to the defendant. I move the jury be discharged." Thus, except for the generality of "It's prejudicial," no specific reason was given for the objection which is much broader than the assignment of error in his motion for a new trial and here. In the second place, immediately, upon counsel's objection, the court said, "The jury will disregard the last statement made by Mr. Kinder." And after that admonition by the court there was no request for other and further relief.

In the third place the objection and the court's ruling must be considered in its context. Unless there was something in the appellant's demeanor as he sat in the courtroom to disclose the fact or unless the jury inferred it from the locale and persons involved, there was nothing in the trial proper to indicate that Patrick was an inmate of the penitentiary committing this robbery during an escape from the institution. This is not to say that all or any part of such proof was inadmissible, or admissible, it is only to say that the fact was

not directly brought to the jury's attention in any manner. The facts as to his prior convictions and place of confinement were developed on the hearing of his motion to suppress and by stipulation of counsel upon the charge of a prior conviction and the court's fixing his punishment. And finally in this background, it does not plainly appear that the prosecuting attorney's argument refers to any "previous crimes" or that it carries no other connotation than the one that he was "a convict in the Missouri Penitentiary." The argument was not, therefore, manifestly unfair and prejudicial as was the argument in State v. Mobley, Mo., 369 S.W.2d 576, and in view of the court's prompt admonition to the jury it may not be said that the court abused its discretion in not sustaining appellant's motion for a new trial. State v. Madden, Mo., 394 S.W.2d 317; State v. Green, Mo., 292 S.W.2d 283, 288.

For the reasons indicated the appellant is not entitled to a new trial upon his assignments of error here, there is no apparent error "upon the record before it," the court, Criminal Rule 28.02, V.A.M.R. and, accordingly, the judgment is affirmed.

STOCKARD and PRITCHARD, CC., concur.

PER CURIAM.

The foregoing opinion by BARRETT, C., is adopted as the opinion of the court.

DONNELLY, J., concurs.

FINCH, P. J., concurs in result in separate concurring opinion filed.

EAGER, J., concurs in result and concurs in separate concurring opinion of FINCH, P. J.

CONCURRING OPINION

FINCH, Presiding Judge.

I concur in the result reached in the principal opinion.

The rule in this state as to whether a preliminary hearing is a critical stage requiring counsel is established in such cases as State v. Turley, Mo., 416 S.W.2d 75, State v. Durham, Mo., 416 S.W.2d 79, State v. Smith, Mo., 411 S.W.2d 208, and State v. Gagallarritti, Mo., 377 S.W.2d 298. The sole purpose of a preliminary hearing by the Magistrate is to determine whether a felony has been committed and whether there is probable cause to believe that the felony was committed by defendant. State v. Smith, supra. That is all that was done here and there is no showing of anything which occurred in the preliminary hearing that was used against defendant in the trial in Circuit Court or that prejudiced defendant in that trial.

In Sigler v. Bird, 8 Cir., 354 F.2d 694, referred to in the principal opinion, the defendant waived a preliminary hearing before the County Judge (before whom preliminary hearings are held in Nebraska) and at that time entered a plea of guilty to the charge. The function of the proceeding before the County Judge is to make a determination similar to that by the Magistrate in Missouri and not to take a plea of guilty. However, the County Judge did take such a plea and entered it in his record. The court in Sigler holds that such plea of guilty could have been used later against defendant at his trial and that this made the preliminary hearing in his particular case a critical stage of the proceedings against defendant Bird, and failure to provide counsel under those circumstances deprived defendant of his constitutional rights. Nothing like that happened here.

I concur in what the principal opinion says with reference to defendant's second assignment of error.