**STATE of Missouri, Respondent,**

**v.**

**Paul Irving JEFFERSON, Appellant.**

**No. 52764.**

Supreme Court of Missouri, Division No. 2.

March 11, 1968.

Rehearing Denied April 8, 1968.

**42**

Norman H. Anderson, Atty. Gen., Jefferson City, Frank P. Motherway, Special Asst. Atty. Gen., St. Louis, for respondent.

William G. Guerri, St. Louis, for appellant.

PER CURIAM:

Having been found guilty by a jury appellant was convicted of the commission of the crime of second degree burglary and was sentenced to confinement in the Department of Corrections for nine years. On this appeal appellant assigns as error two matters: (1) After ordering a mistrial for an alleged prejudicial question asked of a witness by state's counsel, the trial court committed error in setting aside the order of mistrial (upon request of counsel for defendant), instructing the jury to disregard the question and proceeding with the trial; and (2) appellant's rights to counsel under the United States Constitution (Sixth Amendment) and the Missouri Constitution [Art. I, § 18(a)] V.A.M.S., were violated because he was not represented by counsel at his preliminary hearing.

The submissibility of the state's case is not challenged and it therefore suffices to say that appellant was found by officers inside a restaurant building, the front window of which was broken, at 1039 North Sarah in St. Louis on May 22, 1966. Appellant was arrested, subsequently charged and was tried for said crime as a result of that event.

As to the first-mentioned alleged error, this is what transpired: On redirect examination of police patrolman Michael Brooks (who first testified he saw appellant inside the restaurant), Mr Hutnick asked:

"Q. Is this what is commonly referred to as a caught inside burglary?

"MR. GOLDBLATT: Now, I'm going to object to that, Your Honor.

"THE COURT: Just a minute. What was the question?

(Whereupon, the reporter read back the following:

'MR HUTNICK: Officer, one other question.

'Q. Is this what is commonly referred to as a caught inside burglary?')

"THE COURT: Objection sustained.

"MR. HUTNICK: No further questions.

"MR. GOLDBLATT: Your Honor— Would you step up here, please?"

Outside of the hearing of the jury, upon the ground that the statement made by Mr. Hutnick was extremely prejudicial to appellant, his counsel requested a mistrial. The trial court sustained the motion for mistrial and told counsel to be ready to try the case which the court stated would be number one on (the following) Monday. Appellant's counsel then told the court that he would have to withdraw his motion for mistrial because his client had been confined in jail for six months, and that he would like to continue with the case if the court would instruct the jury to disregard that statement. Within the hearing of the jury appellant's counsel asked the court to instruct the jury to disregard the comment made by the Circuit Attorney, Mr. Hutnick, about this being what he called an inside burglary job. The court did so instruct the jury.

Appellant was granted all of his requested relief. First, he was granted a mistrial for the alleged improper question of state's counsel. Second, his motion to withdraw that request was granted, and then he was granted his request that the court instruct the jury to disregard the question asked by Mr. Hutnick. In State v. Preston, Mo., 184 S.W.2d 1015, 1017 [4–6], it was said, "The court did everything that was requested or implied in the objection made, and in the absence of a request for other and further action on the part of the court it must be assumed that the defendant was satisfied that the court's ruling was sufficient to remove the prejudicial effect of any impropriety." See State v. Butler, 258 Mo. 430, 167 S.W. 509, 510 [3, 4], where on two of three occasions of objections and requests for instructions to the jury to disregard remarks of counsel in argument the court did act as so requested and there was no further request. The court said, "It is therefore to be assumed that appellant considered the action of the court sufficient in that regard." See also the comparable situations in State v. Marlin, Mo., 177 S.W.2d 485, 487, and State v. Armstead, Mo., 283 S.W.2d 577, 583 [13]. The unanswered question put to the witness does not fall within the rules of noncurable error (assuming that Mr. Hutnick's question was improper) announced in appellant's cited cases, State v. Burchett, Mo., 302 S.W.2d 9, 13, 15 [3]; State v. Benson, 346 Mo. 497, 142 S.W.2d 52, 55 (erroneous *admission* of incompetent evidence highly prejudicial to defendant's rights not cured by an instruction withdrawing same from the jury's considerations); State v. Smith, 357 Mo. 467, 209 S.W.2d 138, 142, 143; and State v. Fulkerson, Mo., 331 S.W.2d 565, 570 [1].

The transcript shows that appellant was present without counsel at his preliminary hearing but did not himself testify. He points to nothing that occurred during the preliminary hearing that was improperly used to his prejudice in his trial in the Circuit Court. In that circumstance, the relied-upon cases of Hamilton v. State of Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114, and White v. State of Maryland, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193, are not applicable. See State v. Smith, Mo., 411 S.W.2d 208, 209, and the there cited case of State v. Gagallarritti, Mo., 377 S.W.2d 298, 301; State v. Durham, Mo., 416 S.W.2d 79, 82 [5–7], and cases cited. Appellant was not, as a matter of federal or state constitutional right, entitled to have counsel appointed for him at his preliminary examination.

Matters specified in Supreme Court Rule 28.02, V.A.M.R., have been followed. The judgment is affirmed.