STATE of Missouri, Respondent,

v.

Willie Edward HILL, Appellant.

No. 53137.

Supreme Court of Missouri,
Division No. 1.

Jan. 13, 1969.

Motion for Rehearing or to Transfer to Court En Banc Denied March 10, 1969.

Norman H. Anderson, Atty. Gen., Jefferson City, Albert J. Stephan, Jr., Sp. Asst. Atty. Gen., St. Louis, for respondent.

Robert W. Herr, Tom Mendelson, St. Louis, for appellant.

FRED E. SCHOENLAUB, Special Judge.

Defendant was found guilty by a jury of robbery in the first degree. Section 560.120 RSMo 1959, V.A.M.S. Upon a finding of two prior felony convictions by the court, he was sentenced to eight years in the custody of the Department of Corrections. Sections 556.280 and 560.135 RSMo 1959, V.A.M.S. Defendant's motion to set aside the verdict and direct a verdict of acquittal, or in the alternative to grant a new trial, was overruled and he appealed.

In his brief defendant assigns as error the action of the trial court overruling his motion to dismiss the information because of the failure to provide counsel at his preliminary hearing, overruling his motion for judgment of acquittal based on insufficient identification of defendant, and giving of the court's verdict directing instruction.

Howard Davis owned and operated a radio service business at 3305 Easton in the City of St. Louis under the name Howard's Radio Service. Laird Simpson, 16 years of age and in the eighth grade of school, was employed by Davis as a clerk and service man. On November 26, 1966, at approximately 4:00 P.M., and while Davis and Simpson were attending the shop, one George Jackson, an acquaintance of Davis for approximately twelve years, entered. After some conversation, and at the request of Jackson, Davis demonstrated an automo-

bile *stereo* tape player. Jackson left and returned later with his wife, at which time there was another demonstration of the tape player. Some time between 4:45 P.M. and 5:00 P.M., the Jacksons left the shop. Davis then departed, leaving Simpson in charge.

Shortly after Davis left defendant appeared at the door asking for Davis. He was admitted to the shop, whereupon he attempted to forcibly take the tape player. The tape player was fastened to the counter by a chain, and he was unable to pull it loose. He then displayed a gun and demanded the tape player. Simpson unscrewed the chain and handed the tape player to him. During this period Jackson reappeared in the store, remained a short while, but left without either participating in or attempting to stop the robbery. Patrolman Kevin Condon investigated the robbery at the scene, where he was advised by Simpson that two negro males and one negro female held him up. Simpson gave Officer Condon Jackson's name along with a description of Jackson's car and of defendant. He described defendant as being a negro male, about 27 years old, four feet nine inches tall and wearing a heavy mustache, goatee, black hat, black trench coat and gold shirt. Four days later, on November 30, 1966, George Jackson, his wife and defendant were arrested by Officer Condon in Jackson's automobile. They were taken to the Ninth District Police Station where identification was made by Laird Simpson.

Defendant and George Jackson were jointly charged with first degree robbery and the preliminary hearing was held in the St. Louis Court of Criminal Corrections on December 13, 1966. Jackson was represented by an attorney from the St. Louis Public Defender's office. Defendant was not represented by counsel, and although present at the hearing he did not participate.

In his brief defendant first argues that the preliminary hearing is a critical stage in all criminal proceedings, requiring appointment of counsel for indigent defendants. This argument has been considered extensively by this court on other occasions. It has been consistently rejected, and the authorities cited in support of it have been held to have no application to the Missouri preliminary hearing. In State v. Turner, Mo., 353 S.W.2d 602, 604, this court held that "A preliminary examination is not a trial of the accused for the offense alleged in the complaint but merely an inquiry to determine if there is probable cause to believe that a felony has been committed and that the accused is the offender so that he may be bound over and formally charged and tried in the circuit court or discharged if probable cause is not found. A preliminary hearing is designed to prevent possible abuse of power by the prosecution and at the same time permit the arrest and detention of an accused in a proper case. Neither the federal or state constitution, nor any of our statutes require the magistrate to appoint counsel for the accused at a preliminary examination." To like effect see also State v. Phelps, Mo., 384 S.W.2d 616; State v. Owens, Mo., 391 S.W.2d 248; State v. McClain, Mo., 404 S.W.2d 186; State v. Quinn, Mo., 405 S.W.2d 895; State v. Smith, Mo., 411 S.W.2d 208; State v. Benison, Mo., 415 S.W.2d 773; State v. Turley, Mo., 416 S.W.2d 75; State v. Durham, Mo., 416 S.W.2d 79; State v. Patrick, Mo., 420 S.W.2d 258; State v. Harris, Mo., 425 S.W.2d 148; State v. Jefferson, Mo., 426 S.W.2d 41; State v. Peck, Mo., 429 S.W.2d 247.

Defendant next contends that because of the particular facts in this case the preliminary hearing was "a critical stage" for him and that he was prejudiced by the absence of counsel. He argues that the failure to appoint counsel to assist him resulted in "unfairness and prejudice" to him in that he was thereby denied the opportunity for release at the preliminary hearing, that the state was enabled to gain an advantage by being able to rectify the "flagrant deficiencies" of Simpson's preliminary hearing testimony, and that he was denied the opportunity to impeach Simpson at trial.

The only evidence presented at the preliminary hearing was the testimony of Laird Simpson. His testimony, as recorded in the hearing transcript, left much to be desired as to clarity, but he did make positive identification of defendant as the person who, at gun point, robbed him of the stereo tape player. In State v. McClain, supra, this was held to be, in and of itself, sufficient evidence to support a finding of probable cause. In that case the court further noted that " * * * The discrepancies in testimony were all corrected at the trial and defendant's counsel had the added advantage of cross-examining the witnesses *there from the transcript* of their testimony at the preliminary. If the discrepancies made any difference, which we doubt, they would seem to have worked to the defendant's *advantage* in the trial. The Court of Criminal Corrections did not convict him,—the jury did, after having heard a full comparison of all evidence so far as desired by the defendant." (Emphasis theirs.)

■ In the case at bar the discrepancies in the testimony of Laird Simpson were corrected at trial, and although defendant did not have the preliminary hearing transcript for use at his trial, its contents were known to his attorney, as evidenced by the allegations concerning Simpson's testimony in defendant's pre-trial Motion to Dismiss. In addition, he was further assisted by a deposition taken from Simpson prior to trial and containing similar discrepancies. We hold that the defendant was not prejudiced by the lack of counsel at his preliminary hearing, and that the court did not err in overruling his motion to dismiss the information.

■ Defendant contends that the court erred in denying his motions for judgment of acquittal made at the close of the state's case and at the close of the entire case, because the evidence presented by the state was insufficient, as a matter of law, to identify defendant as the perpetrator of the robbery. By offering evidence in his own behalf defendant waived any claim of error as to his motion for acquittal at the close of the state's case. State v. Spraggins, Mo., 368 S.W.2d 407, 408; State v. McDaniel, Mo., 392 S.W.2d 310, 314.

In support of the allegation of error in denying his motion at the close of the entire case, defendant again assails the testimony of Laird Simpson because of its contradictions and inconsistencies, and further argues that the identity of defendant by Simpson at the police station was unreliable because of the presence of police officers and the Jacksons. He also argues that Simpson's testimony was further weakened by the testimony of Gary Cornell Wyms, which testimony placed defendant in a poolroom at the time of the robbery.

■ This court will not weigh the evidence where there is substantial evidence to support the finding of the jury and the judgment of the trial court. State v. Washington, Mo., 383 S.W.2d 518; State v. McDaniel, supra; State v. Spraggins, supra, and State v. Nash, Mo., 272 S.W.2d 179, 183. In State v. Nash it was further held: "This court passes upon the credibility of testimony in criminal cases only insofar as it is necessary to determine whether or not the testimony constitutes evidence sufficient to permit reasonable minds to believe the defendant guilty beyond a reasonable doubt, reserving the power to grant relief only when the denial of it would shock the sense of justice. State v. Dupepe, Mo.Sup., 241 S.W.2d 4, 7. Where the evidence is substantial, the effect of conflicts or inconsistencies or mere improbabilities are questions for the jury in the first instance. State v. Hadley, Mo.Sup., 249 S.W.2d 857, 861. Thereafter, it is the province of the trial court to determine whether the verdict is against the greater weight of the evidence, and its finding in that respect will not be set aside unless an abuse of its discretion clearly appears. State v. Whitman, Mo.Sup., 248 S.W. 937, 938. The Supreme Court will not weigh the evidence where there is substantial evidence to support the finding of the jury and the judgment of the trial court. State v. Emrich, Mo.Sup., 250 S.W.2d 718, 725."

The evidence in this case was sufficient to support the verdict finding defendant guilty of robbery in the first degree. Although defendant was a foot taller than described by Simpson immediately following the robbery, and at the time of his arrest did not have a goatee, he did have a mustache and was wearing the same clothing he was wearing on the day of the robbery. In addition, positive identification of defendant was made by Simpson, first at the police station, later at the preliminary hearing, and then at trial. Discrepancies in the description given by Simpson to Officer Condon were developed at trial and were matters for consideration by the jury in determining Simpson's credibility and the weight to be given his testimony. State v. Dupepe, Mo., 241 S.W.2d 4; State v. Sarten, Mo., 344 S.W.2d 1. They were not so self-destructive as to render the state's evidence insufficient as a matter of law.

It was further within the province of the jury to disbelieve defendant's alibi witness, Gary Cornell Wyms. State v. Reece, Mo., 324 S.W.2d 656, 659; State v. Rima, Mo., 395 S.W.2d 102, 104.

Defendant's last allegation of error is in the giving of Instruction Number One, the pertinent parts of which are as follows:

"The Court instructs the jury that if upon consideration of all of the evidence in the case and the facts and circumstances created by such evidence and under the instructions of the Court you find and believe from such evidence, beyond a reasonable doubt, that in the City of St. Louis and State of Missouri upon the 26th day of November, 1966 the defendant, Willie Edward Hill, in the presence of Laird Simpson by putting the said Laird Simpson in fear of some immediate injury to the person of said Laird Simpson and against his will, the defendant, Willie Edward Hill, did feloniously rob, steal, take and carry away from the presence of said Laird Simpson and away from his control, one Automobile Stereo Tape Player of the value of seventy-nine

($79.00) dollars and that said Automobile Stereo Tape Player was the property of and was then owned at that time by Howard Davis and that said Automobile Stereo Tape Player was at said time and place taken in the aforesaid manner by the defendant, Willie Edward Hill, with the felonious intent at the time upon the part of said defendant, Willie Edward Hill, to wrongfully and feloniously rob, steal, take and carry away from the presence and possession of said Laird Simpson said Automobile Stereo Tape Player, and that such Automobile Stereo Tape Player was taken with the felonious intent upon the part of the defendant, Willie Edward Hill, to permanently deprive the owner of said Automobile Stereo Tape Player, Howard Davis, of the use of the Automobile Stereo Tape Player and to convert the same to the use, permanently, of the defend-fendant, Willie Edward Hill, then, if you find as set forth in this instruction, which is numbered one, you will find the defendant, Willie Edward Hill, guilty of Robbery in the First Degree, as charged in the Information; *and if you do not find all the facts to be as set forth in this instruction, which is numbered one, you will find the defendant, Willie Edward Hill, not guilty.*" (Emphasis supplied.)

In Instruction Number Three the jury was further advised as follows:

"The law presumes the defendant to be innocent and this presumption continues until it has been overcome by evidence which establishes defendant's guilt to your satisfaction and beyond a reasonable doubt; and the burden of proving defendant's guilt rests with the state."

Defendant argues that the italicized portion of Instruction Number One shifted the burden of proof to defendant, thereby destroying his presumption of innocence and his right to be convicted only after proof of guilt beyond a reasonable doubt.

The jury was fully advised by Instruction Number Three as to the state's burden

of proof and defendant's presumption of innocence. The italicized portion of Instruction Number One has been approved by this Court many times. State v. Caldwell, Mo., 423 S.W.2d 738, 742, and cases therein cited. In State v. Caldwell it was further noted that this phrase is frequently used as a converse given to protect the defendant, and that it is a sufficient converse where, as in the case at bar, no converse instruction was offered by the defendant. This point must also be ruled against the defendant.

The judgment is affirmed.

HENLEY, P. J., and SEILER, J., concur.

STORCKMAN, J., not sitting.