**Kenneth Hardin NORRIS, Appellant,**

**v.**

**STATE of Missouri, Respondent.**

No. 54211.

Supreme Court of Missouri,
Division No. 1.

Jan. 12, 1970.

Rehearing Denied Feb. 9, 1970.

Beckemeier & Beckemeier, St. Louis, for appellant.

John C. Danforth, Atty. Gen., Gene E. Voigts, First Asst. Atty. Gen., Jefferson City, for respondent.

HOUSER, Commissioner.

This is an appeal from an order denying a motion by Kenneth Hardin Norris under Criminal Rule 27.26, V.A.M.R. to vacate a sentence and judgment convicting him of assault with intent to rob with malice aforethought. On direct appeal the judgment was affirmed. State v. Norris, Mo.Sup., 365 S.W.2d 501. Later defendant, while incarcerated in the penitentiary, filed this motion to vacate, alleging that the information does not state facts charging a violation of a felony statute; that the evidence fails to show that defendant entertained an unlawful or felonious intent to rob, steal, take or carry away any property or thing of value from the victim, and that the court was without jurisdiction to convict defendant of a felony. An evidentiary hearing was held on the motion. Defendant, represented by counsel at the hearing, appeared personally and testified. Defendant's counsel provided the court with a memorandum in support of the motion to vacate. The court overruled the motion and defendant has appealed, urging three grounds for reversal of the order.

■ First, he asserts violation of his constitutional rights by not having been provided with counsel at his preliminary hearing. The preliminary hearing under the Missouri procedure is not a critical stage absolutely requiring the appointment of counsel in order to comport with due process of law, State v. Peck, Mo.Sup., 429 S.W.2d 247; State v. Jefferson, Mo.Sup., 426 S.W.2d 41; Crosswhite v. State, Mo.Sup., 426 S.W.2d 67; State v. Harris, Mo.Sup., 425 S.W.2d 148; State v. Patrick, Mo.Sup., 420 S.W.2d 258; State v. Durham, Mo.Sup., 416 S.W.2d 79; State v. Turley, Mo.Sup., 416 S.W.2d 75; State v. Benison, Mo.Sup., 415 S.W.2d 773; State v. Smith, Mo.Sup., 411 S.W.2d 208; State v. Hart, Mo.Sup., 411 S.W.2d 143; State v. Quinn, Mo.Sup.,

405 S.W.2d 895, and there is nothing in this transcript to show that defendant was prejudiced or deprived of constitutional rights by the lack of counsel at the preliminary hearing. State v. Peck, supra; State v. Jefferson, supra; State v. Smith, supra.

■ Second, he claims error in not granting him a new trial for failure of the court to instruct on a lessor offense. Defendant concedes that this point was raised on the original appeal and ruled against him, State v. Norris, supra, 365 S.W.2d, l. c. 504 [2], but he contends that it was ruled against him for lack of evidentiary support for an instruction on a lesser offense. [Defendant did not take the stand at the trial, on advice of counsel, in view of his prior criminal record. Nor did defendant adduce any testimony at the trial from others, by way of direct or cross-examination, to justify the giving of an instruction on a lesser offense.] Defendant claims that this lack of evidence, which impelled the court to deny an instruction on a lesser offense under the rule of State v. Washington, Mo. Sup., 357 S.W.2d 92, 95, has now been supplied by defendant's testimony on the motion to vacate; that at the 27.26 hearing defendant testified that he and the cab driver argued over the latter's attempt "to solicit a woman for him" and that they cursed each other and "swung" at each other. This point is disallowed. For strategic reason—to gain an advantage by not taking the stand, thus concealing his criminal record and avoiding impeachment before the jury—he declined to take the stand at the trial. Now on this collateral inquiry he takes the stand, testifies to facts which if presented at the trial would have resulted in the giving of an instruction on a lesser offense, and by this method seeks to place the trial court in error. An accused may not thus blow both hot and cold, or have two bites at the cherry. He is held to the position he took at the trial and cannot now urge this inconsistent position. By electing not to take the stand at the trial defendant waived his right to complain of the failure

of the court to give an instruction on a lesser offense. Furthermore, to review this claim of error would be to allow defendant a second appeal based upon alleged trial errors which have previously been reviewed by the Court, which is not permissible under Criminal Rule 27.26. State v. King, Mo. Sup., 380 S.W.2d 370 [11, 12].

 Third, he claims that the judgment of conviction is void because the information fails to state a crime; that the wording of the information is a departure from the wording of § 559.180, V.A.M.S. under which the charge was brought; that the allegation of felonious intent is unclear and that the words "to rob, steal, take and carry away" are so far removed from the words "money and property" as "to make it difficult to say that there is really a reference back that far"; that the wording is so clumsy as to render it meaningless. Notwithstanding the wording of the information is involved and inartfully if not archaically drawn, it states all of the essential facts constituting the offense charged, and is sufficient under the rulings in State v. Swiney, Mo.Sup., 296 S.W.2d 112 [2]; State v. Broyles, 317 Mo. 276, 295 S.W. 554, and State v. McFadden, 309 Mo. 112, 274 S.W. 354 [1].

The judgment is affirmed.

WELBORN and HIGGINS, CC., concur.

PER CURIAM.

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

HOLMAN, J., and PINNELL, Sp. J., concur.

SEILER, P. J., concurs in result.

STORCKMAN, J., not sitting.